IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-105-CR





CHARLES HOWELL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 105,784, HONORABLE BOB JONES, JUDGE PRESIDING



 




 After finding appellant guilty of the offense of aggravated robbery, Tex. Penal
Code Ann. art. § 29.03 (West Supp. 1993), the jury assessed punishment at twenty years'
confinement. Appellant asserts two points of error, contending that the court erred: (1) by
allowing extraneous offenses, both unadjudicated and convictions which were not final, into the
punishment phase of the trial; and (2) by failing to include the appellant's requested instructions
in the court's charge on punishment. We will reverse the trial court's judgment and remand for
a new hearing on punishment.

 Appellant's first point of error raises the issue of whether the 1989 amendment to
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1993) permits evidence of extraneous
offenses other than final convictions at the punishment stage of the trial in noncapital offenses. (1)

 The pertinent portion of art. 37.07, (3)(a), amended effective September 1, 1989,
provides:


 Regardless of the plea and whether the punishment be assessed by the judge or the
jury, evidence may, as permitted by the Rules of Evidence, be offered by the state
and the defendant as to any matter the court deems relevant to sentencing,
including the prior criminal record of the defendant, his general reputation and his
character. The term prior criminal record means a final conviction in a court of
record, or a probated or suspended sentence that has occurred prior to trial or any
final conviction material to the offense charged.



(Emphasis reflects portion added by amendment).

 The State urges that relevant unadjudicated offenses are admissible as a result of
the amendment permitting the State or the defendant to offer "any matter the court deems relevant
to sentencing." It is undisputed that the State offered evidence at the punishment phase of the trial
of unadjudicated extraneous violations pending against appellant for the offenses of unlawfully
carrying a weapon, burglary of a habitation, aggravated robbery, and aggravated kidnapping.

 The Court of Criminal Appeals, in Grunsfield v. State, No. 1037-91 (Tex. Crim.
App. October 28, 1992), affirming Grunsfield v. State, 813 S.W.2d 158 (Tex. App.--Dallas 1991),
held that evidence of extraneous unadjudicated offenses was improperly admitted during the
punishment phase of a noncapital case. The court, in construing the amended statute, reasoned
that in giving "meaning to the provision as a whole," evidence of extraneous unadjudicated
offenses does not come within "this court's historical construction of the term prior criminal
record." The court remanded the cause to the trial court for further proceedings consistent with
Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 1993). (2) Thus, Grunsfield is adverse to
the State's position relative to the admissibility of extraneous unadjudicated offenses at the
punishment stage of a noncapital case. However, the State's contention that the alleged error was
not preserved for review necessitates an examination of the actions taken by the appellant to
exclude the complained of evidence.

 After the State filed notice of its intent to introduce evidence of extraneous
offenses, the appellant filed a motion in limine seeking to suppress the introduction of extraneous
offenses. Appellant's motion in limine was overruled by the court prior to the beginning of the
punishment phase of the trial. In addition, appellant filed a motion to suppress punishment
evidence of extraneous offenses listed by the State. Defense counsel advised the court that he
would be forced to cross-examine witnesses in an effort to dissipate the harm of the court's action
in overruling this motion and that he wanted to make "absolutely certain the court knows I'm
objecting to all this punishment evidence." Following the court's action in overruling the latter
motion, the appellant offered to withdraw his application for probation if the State would agree
not to offer evidence of extraneous offenses, an offer the State declined. Appellant further
requested a "running bill of exception and objection to all the evidence of extraneous offenses the
State is offering." When the victim's diagram of her apartment was offered in the alleged
burglary of a habitation offense, the appellant's objection to its introduction because "it is
involving testimony regarding an extraneous offense" was overruled. The State subsequently
offered a diagram to aid the victim's testimony in the pending aggravated robbery offense. 
Appellant's objection, "Same objection we have made in the past," was overruled. A diagram
offered to assist the victim in explaining her testimony in the pending aggravated kidnapping cause
resulted in appellant's stating, "Same objection, Your Honor." Appellant's objection was
overruled by the court.

 Tex. R. Crim. Evid. 103 provides in pertinent part:


 (a) Effect of erroneous ruling. Error may not be predicated upon a ruling
which admits or excludes evidence unless a substantial right of the party is
affected, and


 (1) Objection. In case the ruling is one admitting evidence, a timely objection
or motion to strike appears of record, stating the specific ground of objection, if
the specific ground was not apparent from the context.



 An objection must be specific in order to inform the trial judge of the basis of the
objection and to afford opposing counsel an opportunity to remove the objection or supply other
evidence. Zillender v. State, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977). However, "a
general objection does not constitute waiver under a longstanding Texas rule that no waiver results
from a general or imprecise objection where the correct ground of the objection was obvious to
the trial court and opposing counsel." Carter v. State, 717 S.W.2d 60, 76 (Tex. Crim. App.
1986). In Long v. State, 800 S.W.2d 545, 548 (Tex. Crim. App. 1990), the court noted that the
rule that a general objection will not waive error if the complaint is obvious to the court and to
the State is consistent with Rule 103.

 The focus of appellant's motion in limine, motion to exclude punishment evidence,
request for running objection, and offer to withdraw application for probation was directed to the
State's expressed intention to introduce extraneous offenses. When diagrams were offered by
victims of pending offenses, appellant first voiced an objection that it related to an extraneous
offense and subsequently urged the "[s]ame objection we have made in the past.

 In the context of the record, we conclude the basis of the appellant's objection was
obvious to the court and to the State. Grunsfield dictates that the court was in error in failing to
sustain appellant's objections to the introduction of the extraneous unadjudicated offenses.

 The Grunsfield court stated that the next step is to determine whether the error
requires a remand to the trial court for a new hearing on punishment. Tex. R. App. P. 81 (b)(2)
provides that an appellate court will reverse the judgment under review "unless the appellate court
determines beyond a reasonable doubt that the error made no contribution to the conviction or to
the punishment." In making our review, we will assume that the State is correct in urging that
there was evidence of "essentially the same facts at the guilt phase of the trial" relative to the
appellant's possession of the pistol and that the appellant's objection to this evidence was not
timely. Our review will exclude any testimony regarding the unlawfully carrying arms offense.

 We conclude the trial court's error in allowing the jury to hear testimony about the
unadjudicated extraneous offenses of aggravated robbery, aggravated kidnapping, and burglary
of a habitation prejudiced the jury's decision-making process and affected a substantial right of
the appellant. Therefore, this court cannot determine beyond a reasonable doubt that the errors
made no contribution to the punishment assessed. We sustain appellant's first point of error. In
light of our disposition of this point of error, we find it unnecessary to address the appellant's
second point of error concerning the court's action in overruling appellant's requested instructions
limiting the jury's consideration of extraneous offenses.

 We reverse the trial court's judgment and remand the cause for further proceedings
pursuant to Tex. Code Crim. Proc. Ann. art. 44.29 (b) (West Supp. 1993).



 

 Tom G. Davis, Justice

[Before Justices Jones, Kidd and Davis*]

Reversed and Remanded

Filed: January 13, 1993

[Do Not Publish]


























* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Tex. Code Crim. Proc. Ann. art. 37.071, § 2(a) (West Supp. 1993) addresses the matter
of evidence that may be introduced at the punishment phase in a capital case.
2. Art. 44.29(b) provides for the retrial of the punishment phase of the trial when an appellate
court awards a new trial to a defendant on the basis of an error or errors made at the punishment
phase of the trial.